UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4530

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AMADO ANTONIO CARTAGENA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00153)

Submitted: January 25, 2008          Decided: February 22, 2008

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amado Antonio Cartagena pled guilty without a plea agreement to unlawful reentry into the United States by a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to eighty months in prison. Cartagena timely appealed. Cartagena's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion by not imposing a lower sentence. The Government did not file a reply brief. Cartagena was advised of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

Cartagena suggests in a conclusory fashion that his guilty plea and conviction are invalid. Cartagena agreed that there was a factual basis to support his plea. The magistrate judge followed Fed. R. Crim. P. 11 to ensure that Cartagena fully understood the significance of his guilty plea and that the plea was knowing and voluntary. Cartagena stated that he was of sound mind and was not under the influence of drugs or alcohol, fully understood the charges against him, and had discussed his charges and potential sentence with his attorney. He agreed that if his sentence was more severe than he expected, he was still bound by his plea and would not be permitted to withdraw it. Cartagena also agreed that no one had promised him a particular sentence and no

- 2 -

one had forced him to plead guilty. The magistrate judge found Cartagena's plea was knowing and voluntary, and accepted the plea of guilty.

At sentencing, the district court again questioned Cartagena about the validity of his plea. Cartagena agreed that his answers to the magistrate judge were true, that he understood the court's questions, and that he was indeed guilty of the crime of illegal reentry of a deported alien. The district court affirmed the magistrate judge's findings that the plea was knowing and voluntary and that Cartagena understood the charges, potential penalties and consequences of his plea. Cartagena has not demonstrated that his plea is invalid, and we conclude this claim is meritless.

Cartagena next argues that the district court erred when it added two points to his criminal history score because he was serving his supervised release sentence when committing the instant offense. Cartagena objected to the assignment of these points at sentencing, but the court overruled the objection. Cartagena was convicted on January 25, 2005, for trafficking cocaine. He received a suspended sentence and a term of supervised release of thirty-six months, and was subsequently deported. Cartagena returned to the United States without permission and was indicted on June 7, 2006, for illegal reentry pursuant to 8 U.S.C. § 1326.

Cartagena's indictment fell within the release period, and the court properly assessed these two points.

While Cartagena admits he was on release at the time of his arrest, he suggests that he never violated his supervised release, so should not be assessed these two points. Contrary to his assertion, under USSG § 4A1.1(d), two points are assessed if the defendant commits an offense while under any criminal justice sentence, including supervised release. Whether a defendant violates the terms of his release is irrelevant. Cartagena's argument lacks merit.

Cartagena also contends that the district court should not have assessed one criminal history point under USSG § 4A1.1(c) for his 2005 felony cocaine conviction because this essentially punishes him twice for the same offense in violation of his constitutional rights. While the guidelines are now advisory in nature, see United States v. Booker, 543 U.S. 220 (2005), the computation of a defendant's criminal history score and its use in determining the relevant term of imprisonment have not been held unconstitutional. See generally United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005). Thus, we conclude the assignment of this criminal history point was proper.

Moreover, the district court imposed a sentence within the statutorily prescribed range and the sentence was reasonable. While Cartagena argued at sentencing that a lower sentence should

have been imposed, the district court did not err when it declined to impose a variance sentence. After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007); <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). The court must give both parties an opportunity to argue for "whatever sentence they deem appropriate," and the district judge "may not presume that the Guidelines range is reasonable." <u>Gall</u>, 128 S. Ct. at 596-97. This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462, 2465 (2007).

Here, the district court sentenced Cartagena post-<u>Booker</u> and appropriately treated the guidelines as advisory. The court sentenced Cartagena after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>. The

- 5 -

parties were permitted to argue for the sentence thus desired. Cartagena's eighty-month sentence is well within the advisory guidelines range of 70 to 87 months in prison and the twenty-year statutory maximum sentence pursuant to 8 U.S.C. § 1362(b)(2)(2000). The court explained that it had taken the sentencing guidelines and § 3553(a) factors into account, and the sentence imposed was based upon Cartagena's extensive prior record, continued involvement in drug activity and illegal reentry into the United States, and the need to protect the public from further crimes. Based upon these findings, the court found a variance sentence inappropriate. Neither Cartagena nor the record suggests any information to rebut the presumption that his sentence was reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cartagena's conviction and sentence. This court requires that counsel inform Cartagena, in writing, of the right to petition the Supreme Court of the United States for further review. If Cartagena requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cartagena.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED